IN THE U.S. DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

John J. Tauro, Plaintiff

v.                                                                                   No.

Direct Energy LP, Defendants

ELECTRONICALLY FILED

JURY TRIAL DEMANDED

COMPLAINT

JURISDICTION AND VENUE

    This Court has federal question jurisdiction because this case arises out of violations of federal law 47 U.S.C. §227 et seq.; Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

    Venue is proper in the United States District Court for The Western District of Pennsylvania pursuant to 28 U.S.C. 1391(b) because Defendant made calls to a telephone number within the Western District and Plaintiff resides in Pittsburgh PA.

PARTIES

John J. Tauro, is a consumer, and a resident of Pennsylvania.

Direct Energy LP is an energy supplier headquartered in Houston Texas.

FACTUAL ALLEGATIONS

    1.   Plaintiff's telephone number ending in 3232 has been on the National Do Not Call List since November 2010.

2. Beginning on May 14, 2013, Plaintiff began receiving auto dialed, telemarketing calls from Defendants, selling electricity services.

3. Since May 2013, Plaintiff has received eleven calls from 866.714.5216 using the same auto dialing equipment.

4. Plaintiff believes that an auto dialer was used as there was "dead air" or delay of several seconds from the answering of the call and being connected to a live person.

5. On several occasions Plaintiff answered the calls and informed the agent that Plaintiff's number was on the National Do Not Call list; that Plaintiff was not interested in their services; and requested that the defendants cease calling.

6. Despite Plaintiff's request, Defendants continued with the solicitation calls.

7. Plaintiff never provided Defendants with his telephone number.

## COUNT I- DO NOT CALL

8. Paragraphs 1-7 are restated, and incorporated herein.

9. On May 14, 2013 at 06:14 p.m.; defendants used an auto dialer, to call a number on the Do Not Call list violating USC C 5, implementing CFR 64. 1200 (d)

10. Defendants actions are knowing and willful; and Plaintiff is entitled to treble damages

## COUNT II- DO NOT CALL

11. Paragraphs 1-10 are restated, and incorporated herein.

12. On May 14, 2013 at 08:32 p.m.; defendants used an auto dialer, to call a number on the Do Not Call list violating USC C 5, implementing CFR 64. 1200 (d)

13. Defendants actions are knowing and willful; and Plaintiff is entitled to treble damages

### COUNT III- DO NOT CALL

14. Paragraphs 1-13 are restated, and incorporated herein.

15. On May 15, 2013 at 08:56 p.m.; defendants used an auto dialer, to call a number on the Do Not Call list violating USC C 5, implementing CFR 64. 1200 (d)

16. Defendants actions are knowing and willful; and Plaintiff is entitled to treble damages

### COUNT IV- DO NOT CALL

17. Paragraphs 1-16 are restated, and incorporated herein.

18. On May 16, 2013 at 11:57 p.m.; defendants used an auto dialer, to call a number on the Do Not Call list violating USC C 5, implementing CFR 64. 1200 (d)

19. Defendants actions are knowing and willful; and Plaintiff is entitled to treble damages

### COUNT V- DO NOT CALL

20. Paragraphs 1-19 are restated, and incorporated herein.

21. On May 17, 2013 at 5:43 p.m.; defendants used an auto dialer, to call a number on the Do Not Call list violating USC C 5, implementing CFR 64. 1200 (d)

22. Defendants actions are knowing and willful; and Plaintiff is entitled to treble damages

### COUNT VI- DO NOT CALL

23. Paragraphs 1-22 are restated, and incorporated herein.

24. On May 21, 2013 at 10:18  a m.; defendants used an auto dialer, to call a number on the Do Not Call list violating USC C 5, implementing CFR 64. 1200 (d)

25. Defendants actions are knowing and willful; and Plaintiff is entitled to treble damages

### COUNT VII- DO NOT CALL

26. Paragraphs 1-25 are restated, and incorporated herein.

27. On June 07, 2013 at 011:57 p.m.; defendants used an auto dialer, to call a number on the Do Not Call list violating USC C 5, implementing CFR 64. 1200 (d)

28. Defendants actions are knowing and willful; and Plaintiff is entitled to treble damages

### COUNT VIII- DO NOT CALL

29. Paragraphs 1-28 are restated, and incorporated herein.

30. On June 15, 2013 at 03:29 p.m.; defendants used an auto dialer, to call a number on the Do Not Call list violating USC C 5, implementing CFR 64. 1200 (d)

31. Defendants actions are knowing and willful; and Plaintiff is entitled to treble damages

### COUNT IX- DO NOT CALL

32. Paragraphs 1-31 are restated, and incorporated herein.

33. On July 2, 2013 at 05:32 p.m.; defendants used an auto dialer, to call a number on the Do Not Call list violating USC C 5, implementing CFR 64. 1200 (d)

34. Defendants actions are knowing and willful; and Plaintiff is entitled to treble damages

### COUNT X- DO NOT CALL

35. Paragraphs 1-34 are restated, and incorporated herein.

36. On July 06, 2013 at 02:00 p.m.; defendants used an auto dialer, to call a number on the Do Not Call list violating USC C 5, implementing CFR 64. 1200 (d)

37. Defendants actions are knowing and willful; and Plaintiff is entitled to treble damages

### COUNT XI- DO NOT CALL

38. Paragraphs 1-37 are restated, and incorporated herein.

39. On July 08, 2013 at 02:52 p.m.; defendants used an auto dialer, to call a number on the Do Not Call list violating USC C 5, implementing CFR 64. 1200 (d)

40. Defendants actions are knowing and willful; and Plaintiff is entitled to treble damages

### COUNT XII- MORE THAN ONE CALL

41. Paragraphs 1-40 are restated, and incorporated herein.

42. Defendants initiated more than one call in a 12 month period in violation of USC 227 C 5

43. Defendant's actions are knowing and willful; and Plaintiff is entitled to treble damages.

WHEREFORE: Plaintiff demands statutory damages; treble damages; punitive damages; any attorney's fees, and costs.

### JURY TRIAL DEMANDED

Respectfully Submitted,

/s/ John J. Tauro