IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. TAURO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 14-816 |
| | ) | |
| v. | ) | |
| | ) | |
| DIRECT ENERGY LP, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

Pending before the Court is the "Motion for Summary Judgment" [1] (Doc. 5) filed by John J. Tauro ("Plaintiff") seeking judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56 against Direct Energy LP ("Defendant") with respect to all claims asserted in Plaintiff's June 21, 2014 Complaint (Doc. 1). Plaintiff's claims are asserted under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.* ("TCPA"), alleging in Counts I through XII that Defendant did knowingly and willfully violate the TCPA and related federal regulations via a series of automated telephone calls, despite Plaintiff having registered his telephone number on the National Do Not Call Registry. This Court exercises subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). *See Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 744 – 45 (2012). For the following reasons, Plaintiff's motion will be DENIED.

---

[1] This Court construes Plaintiff's Motion for Summary Judgment as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), in light of Plaintiff's filing immediately following Defendant's Answer (Doc. 3) and prior to the initiation of discovery. *See* Order filed July 17, 2014.

As with a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Rule 12(c) motion for judgment on the pleadings requires the Court to view the facts alleged in the pleadings, and the inferences to be drawn therefrom, in the light most favorable to the non-moving party. *Mele v. Fed. Reserve Bank of New York*, 359 F.3d 251, 253 (3d Cir. 2004) (quoting *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002)). The motion "should not be granted 'unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law.'" *Id.* (internal citations omitted). As a function of this review, the Court must consider the complaint, answer, and any written instruments or exhibits attached thereto. *Peterman v. Hartford Mut. Ins. Co.*, 2014 WL 4199280 at * 2 (W.D. Pa. 2014) (citing *Perelman v. Perelman*, 919 F.Supp.2d 512, 521 (E.D. Pa. 2013)).

At present, Plaintiff claims that between May 14, 2013 and July 18, 2013, he received eleven telemarketing calls regarding electricity services from Defendant by means of an "auto dialer." Compl. (Doc. 1) at 2 – 5. He believes the calls to be auto-dialed based upon a dead air delay of several seconds between the time he answered the calls and the time a live person responded. *Id.* Plaintiff states that his number was on the National Do Not Call Registry ("Registry"); he never provided Defendant with his telephone number; he informed Defendant's employees of his inclusion in the Registry when he received their calls; and he requested Defendant's employees to cease further telemarketing calls. *Id.* It is Plaintiff's contention that the calls continued in spite of his admonitions. *Id.* Consequently, Plaintiff asserts that said calls were made knowingly and willfully by Defendant, in violation of 47 U.S.C. § 227(c)(5) of the TCPA and 47 C.F.R § 64.1200(d). *Id.*

Attached to Plaintiff's Motion are five exhibits (Docs. 5-1 – 5-6) which include factual averments evidencing that a phone number ending in 3232 was listed on the Registry, and that eleven calls originating from the same phone number were received by Plaintiff between May 14, 2013 and July 8, 2013. The exhibits generally reiterate Plaintiff's allegations of fact from his original Complaint. Plaintiff concludes that, in light of the above, there are no disputed issues of material fact and he is entitled to judgment as a matter of law. However, in its Answer, Defendant denies all allegations of material fact contained in Plaintiff's Complaint, with the exception of an admission that it made one or more calls to Plaintiff's telephone number in 2013. Def.'s Answer (Doc. 3) at 2 – 8. Defendant argues that the present Motion should, therefore, be denied. Def.'s Resp. (Doc. 7).

> The TCPA provides, in pertinent part, that:
>
> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State--
>
> (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(c)(5). 47 C.F.R § 64.1200(d) further provides that:

> (d) No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity…

Plaintiff's Complaint does not cite any other relevant statutory or regulatory provisions as a basis for his claims. Nonetheless, the Court is sensitive to Plaintiff's *pro se* litigant status and acknowledges that in such cases a motion for judgment on the pleadings is to be construed liberally. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Leamer*, 288 F.3d at 535). Plaintiff's status notwithstanding, the Court is still required to view the evidence and all inferences to be drawn therefrom in the light most favorable to Defendant – the non-moving party.

Currently, Defendant denies nearly all allegations of material fact by Plaintiff. Defendant denies specifically any willful or knowing violation of the above statutory and regulatory provisions, and denies that Plaintiff did not give their employees permission to call. Defendant further asserts that Plaintiff failed to adduce any facts in his Complaint that would demonstrate that Defendant did not institute procedures for maintaining a list of persons who have requested not to be contacted, as required under 47 C.F.R § 64.1200(d).[2] As such, Defendant argues that Plaintiff's pleadings are an insufficient basis for a grant of judgment as a matter of law. The Court agrees.

In addition, the Court notes that Plaintiff alleges "Defendant's agent claimed that Duquesne Light Co. gave [Defendant] my number; [*sic*] and permission to call," and that "Defendant's attorney claims that Plaintiff gave consent to be called." *See* Decl. (Doc. 5 – 6).

---

[2] The Court notes that in its Answer, Defendant did not raise the affirmative defense that it "has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5).

4

These clearly are allegations of material fact that require credibility determinations. It is not appropriate for the Court to render credibility determinations at this early stage in the proceedings. As such, having viewed the contents of all the pleadings in the light most favorable to Defendant as the non-moving party, this Court must find that there exist issues of material fact, and that Plaintiff is not entitled to judgment as a matter of law. *See Mele*, 359 F.3d at 253 (holding that motions for judgment on the pleadings "should not be granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law") (internal citations omitted).

## II. ORDER OF COURT

IT IS HEREBY ORDERED that Plaintiff's "Motion for Summary Judgment" (**Doc. 5**) is **DENIED**.

March 16, 2015

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record